**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

Jordan Emanuel,

        Plaintiff,

                              Case Number 23-4211
                              DEMAND FOR JURY TRIAL
                              COMPLAINT

        -against-

Angelina Harron, and
EMG Models Inc.

        Defendants.
_____x

      Plaintiff Jordan Emanuel ("Plaintiff Emanuel" or "Ms. Emanuel") by and through her attorney, Tyrone Blackburn Esq, upon their knowledge and belief, and as against Angelina Harron ("Defendant Harron" or "Ms. Harron"), and EMG Models ("EMG" or "Defendant Corporation") (Collectively, "Defendants") alleges as follows:

## NATURE OF ACTION:

1. This is an action for monetary and declaratory relief to redress the Defendants' violation of the Plaintiffs' rights. Plaintiff seeks relief for Unjust Enrichment and Fraud.
2. At all times relevant to this Complaint, Defendant Angelina Harron maintained a policy and practice of knowingly and willfully defrauding Plaintiff Emanuel out of compensation for use of her image and likeness in a modeling campaign without consent in violation of NYS law.
3. Plaintiffs now bring this action on behalf of herself and other similarly situated individuals for Unjust Enrichment and Fraud, including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants under and consistent with the Constitutional requirements of Due Process in that Defendants, acting directly or through their agents or apparent agents, committed one or more of the following:

    a. The transaction of any business within the state;
    b. The making of any contract within the state;
    c. The commission of a tortious act within this district; and
    d. The ownership, use, or possession of any real estate in this state.

5. The Court has supplemental jurisdiction over the Plaintiffs' related claims under state and local law under 28 USC § 1367(a).

6. The plaintiff has complete diversity from all of the Defendants as the following is true:

    a. The plaintiff is a citizen of the state of New York and resides in New York at 80 Park Avenue, apt. 7P, New York, NY 10016.

    b. upon information and belief, the individual Defendant is a citizen of New Jersey and resides in New Jersey State at the following addresses: 35 Journal Square, 4th Floor #4006, Jersey City, NJ 07306. Upon information and belief, Harron is a United States citizen.

    c. Defendant Corporation is incorporated in California. The primary office for Defendant Corporation is located at 7080 Hollywood Blvd, 11th Floor, Los Angeles, CA 90028, under the name "EMG Models Inc.

7. Damages far exceed the $75,000.00 threshold for diversity jurisdiction.

**PARTIES**



*Plaintiff* Jordan Emanuel

8.  Plaintiff Emanuel is an international model, entrepreneur, philanthropist, English-speaking African American female who resides at 80 Park Avenue, apt. 7P, New York, NY 10016.
9.  Jordan Emanuel currently star's in the Bravo show, Summer House: Martha's Vineyard, and holds titles for Playboy's 2019 Playmate of the Year and Miss Black America New York.
10. Plaintiff Emanuel has starred in campaigns for top brands such as Savage x Fenty, Playboy, PacSun, and American Express.
11. Plaintiff Emanuel is also known in the entertainment space as a famed DJ, having hosted top industry events with the likes of Floyd Mayweather, Saweetie, and Brody Jenner.
12. Jordan Emanuel has a philanthropic spirit and uplifting energy, both leading to her position as Co-Founder of Women's Non-Profit Organization, Women with Voices. Within this organization, Jordan focuses on two main initiatives - Mental Health Awareness and Sexual Education & Liberation.
13. Plaintiff Emanuel reported that she has first-hand experience with depression and anxiety and is passionate about bringing attention to creating mental health programs geared to assist those with their struggles.
14. In addition, Plaintiff Emanuel serves as an advocate for multi-dimensional women who can be comfortable in their sexuality while simultaneously being a businesswoman.
15. Plaintiff Emanuel also uses her platform to raise awareness of Alopecia, a condition she has struggled with for years.

3

16. It is Plaintiff Emanuel's mission to bring light to the silence by opening up about her own hair journey, showing others they are not alone and that everyone is beautiful.



*Defendant* Angelina Harron

17. Defendant Corporation owns, operates, or controls a modeling agency at all relevant times, located at 7080 Hollywood Blvd, 11th Floor, Los Angeles, CA 90028, under the name "EMG Models Inc."

18. Upon information and belief, Defendant Angelina Harron is domiciled at 35 Journal Square, 4th Floor #4006, Jersey City, NJ 07306.

### FACTUAL ALLEGATIONS

19. Plaintiff Emanuel began her modeling career in 2017 and signed a one-year contract with EMG Models Inc on July 20, 2017.

20. In the first few months, Plaintiff Emanuel wasn't booking any clients and reached out to the owner of EMG Models.

21. On February 2, 2018, Plaintiff Emanuel met with Harron and asked her to terminate her agreement because she believed it was not a good fit.

22. Harron informed Ms. Emanuel that there was a client that wanted to work with her and would aid her in this booking.

23. That following week, Plaintiff Emanuel went to the office to meet with Harron again to stress her concerns about not being booked, although she was assured that things would change.

24. Plaintiff Emanuel reiterated that she doesn't believe her agency is a good fit, and Harron reassured her that things would change, so Plaintiff Emanuel decided to continue with the contract until it expired on July 20, 2018.
25. On July 12, 2018, Plaintiff Emanuel booked a job with Almar Sales through EMG Models Inc. This client represented a black hair brand Jenny Capp for a rate of $1700 with a 20% agency fee and the ability to utilize Plaintiff Emanuel's content for two years.
26. Before Plaintiff Emanuel's contract expired, she booked another job with Almar Sales for a different brand under EMG Models Inc, and that was the last job booked.
27. In August 2018, Ms. Emanuel received the title of Miss Black New York.
28. In December 2018, she was named Playboy's Playmate of the Month. In February 2019, she was named Playboy's Playmate of the Year and held that position in 2019 and 2020.
29. From this, Plaintiff Emanuel jumpstarted her image with several large campaign opportunities and had the pleasure to work with brands such as Savage x Fenty, which was featured on several popular social media platforms and websites, Vogue, Refinery 29, and many more.
30. From March 2020 until March 2022, Plaintiff Emanuel received multiple notifications via text and social media of products using her face in numerous discount stores such as Dollar General and Marshall's. The images being seen were from the 2018 job for Jenny Capp with Almar Sales.
31. Ms. Emanuel was immediately taken aback by this as she knew she would never sign a usage agreement for longer than two years.
32. Plaintiff Emanuel was never contacted regarding the renewal of the usage agreement, nor did she consent or authorize any party the use her image.
33. Due to Ms. Emanuel's successes since the contract expired, she had no interest or need to renew any agreement or contract as those images from 2018 no longer represented the brand she built.
34. Plaintiff Emanuel was disheartened, disgusted, and shocked that her face was advertised in discount stores. Upon receiving this information, Ms. Emanuel immediately contacted Almar Sales for clarification regarding her image.
35. Ms. Emanuel was informed by Almar Sales that Defendant Harron had fraudulently given Almar Sales permission to continue using her image for an additional two years for $1440.00 in June 2020.

36. It is public knowledge that black models, influencers, and entertainers receive significantly less money than their white counterparts.

37. On July 2, 2020, Ms. Emanuel expressed the discrepancies in a Reader's Digest article about why it is so harder for black women to make it in the fashion and entertainment business. During the pandemic, everyone struggled, but black models and entertainers were especially displaced due to Covid-19 restrictions. The ability to book in-person photoshoots was limited.

38. During the pandemic, a heightened time of uncertainty, there was also a racial pandemic going on with the death of George Floyd on May 25, 2020.

39. So, to see that a white-owned agency, in the height of racism and an international crisis, not only takes advantage of Ms. Emanuel but the owner of Jenny Capp, Jenifer Adkins, who is also a black woman, this conduct is frankly predatory.

**FIRST CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff Emanuel)**

40. According to the doctrine of unjust enrichment, the Plaintiff must show "(1) the other party was enriched, (2) at the other party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016).

   1) INDIVIDUAL DEFENDANT WAS UNJUSTLY ENRICHED:

41. Plaintiff Emanuel repeats and realleges all paragraphs above as though fully set forth herein.

42. Defendant Harron's usage agreement was renewed by Harron without Plaintiff Emanuel's consent.

43. Harron accepted a payment of $1440.00 in June 2020 by Almar Sales to utilize images of Plaintiff Emanuel for an additional two years.

44. Plaintiff Emanuel was never given the opportunity to consent or decline the renewal of a usage agreement, and use of her images have been fraudulently utilized and distributed on behalf of Harron.

   2) ANGELINA HARRON WAS ENRICHED AT THE EXPENSE OF PLAINTIFF EMANUEL:

45. Plaintiff Emanuel repeats and realleges all paragraphs above as though fully set forth herein.

46. Plaintiff Emanuel's image and likeness were used without her consent when Harron renewed a usage agreement on behalf of Plaintiff Emanuel with Almar Sales for an additional two years.
47. Harron accepted a payment of $1440.00 from Almar Sales for the use of the content and never contacted Plaintiff Emanuel or received consent to authorize the use of her content.

### 3) IT IS AGAINST EQUITY AND GOOD CONSCIENCE TO PERMIT JORDAN EMANUEL TO RETAIN THE OUT-OF-POCKET EXPENSES OWED TO

48. Defendant Harron authorized Almar Sales the renewal of the usage agreement of Plaintiff Emanuel's image and likeness for an additional two years for $1440.00 without Emanuel's consent.
49. Defendant Harron engaged in the egregious prohibited conduct listed above. This caused Plaintiff Emanuel to suffer economic and reputational harm.
50. Defendant Harron's actions and omissions warrant an award of punitive damages.

## SECOND CAUSE OF ACTION
## FRAUD

51. Plaintiff Emanuel repeats and realleges all paragraphs above as though fully set forth herein.
52. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. *Antilla v. L.J. Altfest & Co.*, No. 3:09-cv-2128 (VLB), 2012 U.S. Dist. LEXIS 116294, at *1 (D. Conn. Aug. 17, 2012).
53. Defendant Harron fraudulently renewed a usage agreement with Almar Sales without Plaintiff Emanuel's consent.
54. Harron accepted payment in the amount of $1440.00 for the use of Plaintiff Emanuel's content without her knowing. At no point in time was Plaintiff Emanuel paid for the renewal of the agreement with Almar Sales. At no point in time did Defendant Harron consult with Plaintiff Emanuel concerning the value of her modeling services at the time that Defendant Harron illegally renewed a usage agreement with Almar Sales and pocketed the money without Plaintiff Emanuel's knowledge or consent.
55. Defendant Harron engaged in the egregious prohibited conduct listed above. This caused Plaintiff Emanuel to suffer economic and reputational harm.

56. Defendant Harron actions and omissions warrant an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs respectfully request that this Court enter judgment against Defendants by:

a) For past, present, and future general damages in an amount to be determined at trial;

b) For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages, and others, in an amount to be determined at trial;

c) Any appropriate statutory damages;

d) For costs of suit;

e) For interest as allowed by law;

f) For attorney's fees; and

g) All such other and further relief as the Court deems and proper.

.

## **JURY DEMAND**

Plaintiffs and all similarly situated employees demand a jury trial on all issues triable by a jury.

Dated: May 21, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

## PRESERVATION NOTICE

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents, and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors. From this point forward, you are directed to prevent any "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any of the information set forth hereafter.

If you cause any such alteration, destruction, or change, direct it or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed. Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoliation.

Electronically Stored Information:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other change to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Snapchat, Google Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties or any potential witnesses. This includes a request that such information not be modified, altered, or deleted due to data compression or disk fragmentation (or other optimization procedures), which processes you are hereby directed to suspend until that data can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to-any such electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

Paper Information:

In terms of the paper information, you are directed to preserve any and all emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents which pertain in any way to the controversy, parties, or witnesses in this matter. Through discovery, we expect to obtain from you a number of documents and other data, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although we may bring a motion with a court for order-preserving documents and other data from destruction or alteration, your obligation to preserve documents and other data for discovery on this case arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter.

This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic data created after this complaint's delivery date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence.

Dated: May 21, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

## DEMAND FOR INSURANCE COVERAGE

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: May 21, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com